1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

11 SHEILA R. MERCADO,

                     Plaintiff,

12

    v.

13

14 NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

15

                   Defendant.

16

CASE NO. 2:15-cv-01592 JRC

ORDER GRANTING
UNOPPOSED MOTION FOR
ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)

17

18

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

19

Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge

20

and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6).

21

This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §

22

406(b). *See* Dkt. 28. Defendant has no objection to plaintiff's motion. *See* Dkt. 30.

23

      The Court may allow a reasonable fee for an attorney who represented a Social Security

24

Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

1    excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

2 *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

3 to such agreement and will conduct an independent review to assure the reasonableness of the

4 fee requested, taking into consideration the character of the representation and results achieved.

5 *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

6 fee agreement is the primary means for determining the fee, the Court will adjust the fee

7 downward if substandard representation was provided, if the attorney caused excessive delay, or

8 if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

9 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

10      Here, the representation was standard, at least, and the results achieved excellent (*see*

11 Dkt. 29, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808.  Following remand from this

12 Court for further consideration (*see* Dkt. 24), plaintiff was awarded benefits. There has not been

13 excessive delay and no windfall will result from the requested fee.

14      Plaintiff's total back payment was $43,218.00 (*see* Dkt. 29, Attachment 3, p. 5). Plaintiff

15 has moved for a net attorney's fee of $2,461.88 (*see* Motion, Dkt. 28, p. 1), and the Court has

16 considered plaintiff's voluntarily reduced gross attorney's fee of $8,500.00 and the EAJA award

17 received by plaintiff's attorney in the amount of $6,038.12. *Parish v. Comm'r. Soc. Sec. Admin.*,

18 698 F.3d 1215, 1221 (9th Cir. 2012).

19      Based on plaintiff's unopposed motion and supporting documents (*see* Dkt. 28, Dkt. 29

20 Attachments 1, 2, 3, 4), it is hereby ORDERED that attorney's fees in the amount of $8,500 be

21 awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b), which after the deduction of

22 $6,038.12 representing the EAJA fees already received, leaves a net award of $2,461.88. The

23

24

1  Social Security Administration is directed to pay Francisco Rodriquez, Esq., $2,461.88, minus

2  any processing fees allowed by statute, at P.O. Box 31844, Seattle WA 98103.

3       Dated this 5th day of January, 2018.

4

5                                          J. Richard Creatura
                                           United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24